# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMIE QUIJIJE-NAPA,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN, FCI - FT. DIX,**<br><br>Respondent. | Case No. 24–cv–08002–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

Petitioner Jamie Quijije-Napa filed this petition for writ of habeas corpus under 28 U.S.C. §2241 (Petition) (ECF No. 1.) He also seeks to proceed *in forma pauperis* (Application). (ECF No. 1–2.) The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. If a prisoner does not pay the filing fee and instead seeks to proceed *in forma pauperis*, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. L.Civ.R. 81.2(b). If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed *in forma pauperis*. L.Civ.R. 81.2(c).

Petitioner's Application is incomplete because he did not include a certified account statement. (ECF No. 1–2.) Petitioner asserts that prison officials have been refusing to sign the certification form. (ECF No. 1–3.) However,

there is still not enough financial information for the Court to grant the Application. For example, petitioner states that he has received "gifts or inheritances" within the past 12 months but does not list the amount of those gifts. (ECF No. 1–2 p. 2.)

The Court will direct the Clerk to send petitioner a new *in forma pauperis* application to complete and return. Petitioner should attempt to obtain a certification from prison officials; in the event they continue to refuse to sign, petitioner should send a full account statement for the past six months. (ECF No. 1–5 p. 1 (noting that counselor was willing to provide the account statement but not sign the form).) The Clerk will be ordered to administratively terminate the Petition without prejudice.[1]

An appropriate Order accompanies this Opinion.

                                                       */s/ Edward S. Kiel*
                                                       EDWARD S. KIEL
                                                       UNITED STATES DISTRICT JUDGE

Dated: July 26, 2024

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).